Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AFRIDA CHOWDHURY,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | Case No.: 8:24-cv-295<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit**<br>    **Reporting Act** |

Plaintiff, Afrida Chowdhury, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendant U.S. Department of Education ("DOE") is a federal government entity existing under the Office of the Secretary.

4. Defendant DOE is, and at all times relevant hereto was, regularly doing business in the State of California.

5. Defendant Experian Information Solutions, Inc. is a corporation existing under the laws of California, with North American Headquarters in Costa Mesa, CA.

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

7. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

8. Defendant Equifax Information Services, LLC ("Equifax") is a corporation existing under the laws of California and at all times relevant hereto was regularly doing business in the State of California.

9. Defendant TransUnion LLC ("Transunion") is a corporation existing under the laws of California and at all times relevant hereto was regularly doing business in the State of California.

10. Equifax, Experian, and Transunion regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Equifax, Experian, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Equifax, Experian, and Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. At all times pertinent hereto, Defendant DOE was a "person" as defined by 15 U.S.C. §1681a(b).

### III. JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### FACTUAL ALLEGATIONS

16. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants DOE, Equifax, Transunion, and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

17. Equifax, Experian, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. Equifax, Experian, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

20. In September 2023 Plaintiff discovered a DOE account ending in R24A (the "Account") being reported in error – specifically the Account is reporting with a balance past due after the Account was paid in full by Plaintiff.

21. In June 2022, Plaintiff paid off the Account by submitting a payment to New York University.

22. DOE mailed Plaintiff an account statement showing the Account with a zero balance on September 1, 2023.

23. Despite Plaintiff fulfilling all financial obligations called for on the Account, DOE continued erroneously to report a balance past due on Plaintiff's consumer credit reports.

24. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

25. In September 2023 Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

26. In September 2023 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

27. In September 2023 Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Transunion consumer report.

28. Despite the clarity and detail provided in the Equifax Dispute, Experian Dispute, and Transunion Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Equifax, Experian, and Transunion consumer report with a balance past due.

29. Upon information and belief, Equifax, Experian, and Transunion forwarded Plaintiff's Written Disputes to Defendant DOE.

30. Upon information and belief, DOE received notification of Plaintiff's Written Disputes from Equifax, Experian, and Transunion.

31. DOE failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

32. DOE failed to instruct Equifax, Experian, and Transunion to remove the false information on Plaintiff's consumer reports.

33. Equifax, Experian, and Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34. Equifax, Experian, and Transunion each employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Written Disputes.

35. At no point after receiving the Written Disputes did DOE, Equifax, Experian, and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

36. Equifax, Experian, and Transunion relied on its own judgment and the information provided to them by the DOE rather than grant credence to the information provided by Plaintiff.

37. Equifax, Experian, and Transunion published the false information regarding the Account to third parties.

## COUNT I – EQUIFAX, EXPERIAN, AND TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

39. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

40. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

41. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the Account reporting on Plaintiff's Transunion consumer report.

42. Defendants Equifax, Experian, and Transunion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants Equifax, Experian, and Transunion published and maintained concerning Plaintiff.

43. As a result of this conduct, action and inaction of Defendants Equifax, Experian, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. Defendants Equifax, Experian, and Transunion's conduct, action, and inaction were willful, rendering Defendant Equifax, Experian, and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendants Equifax, Experian, and Transunion were negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Equifax, Experian, and Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX, EXPERIAN, AND TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-44 as though fully set forth herein.

48. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

49. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

50. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the Account reporting on Plaintiff's Transunion consumer report.

51. Defendants Equifax, Experian, and Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

52. As a result of this conduct, action and inaction of Defendants Equifax, Experian, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendants Equifax, Experian, and Transunion's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendants Equifax, Experian, and Transunion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Equifax, Experian, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – DOE

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681s-2(b))

56. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

57. After receiving the Dispute, DOE failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

58. DOE violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Disputes; by failing to review all relevant information regarding Plaintiff's Disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

59. As a result of this conduct, action, and inaction of DOE, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. DOE's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

61. In the alternative, DOE was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from DOE pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

1  D. Any further legal and equitable relief as the court may deem just and proper in
2    the circumstances.

4 Respectfully submitted February 12, 2024.

                 Garrett Charity, Esq.
                 McCarthy Law, PLC
                 4250 North Drinkwater Blvd, Suite 320
                 Scottsdale, AZ  85251
                 Telephone: (602) 456-8900
                 Fax: (602) 218-4447
                 Garrett.Charity@mccarthylawyer.com
                 Attorney for Plaintiff